614

[Crim. No. 99.   Fourth Appellate District.—May 22, 1934.]

THE PEOPLE, Respondent, v. TEOFILO MANRIQUEZ, Appellant.

. N. D. Meyer and Morris Cain for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant was charged, under section 148 of the Penal Code, with the crime of resisting a

public officer while in the discharge of his duties. He was found guilty by a jury and has appealed from the judgment and from an order denying a motion for a new trial.

The incident out of which this charge arose occurred in Tustin on the evening of October 28, 1933, at the home of the appellant's daughter, a widow, with whom the appellant lived. Several officers came to the house armed with a purported search warrant and demanded admittance. They were admitted and proceeded to search the house, finding a small quantity of liquor and also observing certain things which caused them to believe that other liquor had recently been consumed on the premises. After the search had been completed some of the officers went into the back yard where they observed the appellant approaching the house. They arrested him on a purported charge which has no connection with what occurred in the house and, in spite of his protest, took him into the house. There is evidence that after being brought into the house the appellant said he would get a gun and shoot the officers. It was obviously impossible for him to do any such thing as the officers gave him no opportunity. The main thing relied upon by the prosecution is that the appellant took hold of a flatiron. The testimony is that he did nothing with it as one of the officers immediately took it away from him. Shortly after he was brought into the house the officers arrested his daughter and one of the officers testified that when they attempted to take the two from the house each of them "hung on to the doors and everything they could get hold of, and we had to take them out by main force".

The appellant's contention that the evidence is not sufficient to support the verdict and judgment must be sustained. It developed at the trial that the search warrant under which the officers were acting was illegal and the court properly held it void and of no effect. Not only did the officers have no right to make the search, but the search was completed before the appellant entered the house and, so far as the record shows, before he knew anything about the entire matter, and there is absolutely no evidence to even indicate that the appellant made or offered any resistance to the officers, in so far as their executing a search warrant is concerned. Some claim is made by the respondent that since some liquor was found in the house while the

daughter was there an offense was committed by her in the presence of the officers, which justified them in arresting her. If this may be assumed, although the officers were not legally there, it is not claimed that the appellant committed this offense, he was not charged with or arrested for it, there is no evidence that he knew of or participated in any offense committed in the presence of the officers and it appears, without conflict, that he was not present when any such thing was supposed to have occurred, and that he was not in the house at all until he was wrongfully brought in by the officers. While there is some evidence that he hung on to a door and tried to keep from being carried out by the officers, there is absolutely no evidence that he interfered with the officers or in any way obstructed them in arresting his daughter for the offense which is claimed to have been committed by her. The only evidence in the record in any way tending to show an obstruction of an officer, in so far as the appellant is concerned, is that he protested against his own arrest, that he would not go with them voluntarily, that he made an impossible threat, and that he made an ineffectual effort to get and use a flatiron. It conclusively appears that all of this was done in protest against and in resisting his own arrest. He was arrested outdoors on another charge and the court properly held that this arrest was invalid and that he had a perfect right to do the act for which he was arrested. The record shows that the court instructed the jury that any act of the appellant in protesting or resisting his own arrest, under these circumstances, would not be sufficient to sustain the charge against him. The appellant claims that this instruction, although marked in the record as given, was inadvertently not read to the jury by the judge. Assuming, as contended for by the respondent, that we are bound by the record, it clearly appears that this instruction, if given, was not followed by the jury or the appellant could not have been found guilty under the evidence.

It further appears that one of the officers testified that they entered this house by virtue of a search warrant, that they then searched the house, and that they found certain things. Later, the search warrant itself was offered in evidence and objected to, whereupon an argument took place out of the presence of the jury. At the conclusion of

this argument the court sustained the objection and ruled that the search warrant was invalid and that the officers had no right to be there. These rulings were not repeated in the presence of the jury and the jury was never informed thereof. Under these circumstances the jury might naturally conclude that the officers had a right to be there and that they were doing their duty in executing the search warrant, and the verdict may well have been the result of a conclusion on the part of the jury that such resistance as was offered by the appellant was by way of resisting the officers in discharging their duty in connection with the search warrant. The court refused an instruction to the effect that the search warrant should not be taken into consideration as authorizing or giving the officers a right to enter or make a search of the premises and, under the circumstances, we think the failure to give such an instruction was error. The respondent argues that the error was cured by another instruction to the effect that the jury must not consider any evidence which had been rejected or which had been stricken out by the court. The evidence that the officers entered and searched the house by reason of a search warrant remained in the record and the jury was not informed of the fact that the search warrant itself, which was offered in evidence, was not admitted or that the court had held the same to be illegal and void.

Other points are raised by the appellant which need not here be considered.

The judgment and order appealed from are reversed.

Marks, J., and Jennings, J., concurred.